STATE of Minnesota, Respondent,

v.

Jay WENTZ, Appellant.

No. C9–83–853.

Supreme Court of Minnesota.

Feb. 17, 1984.

C. Paul Jones, State Public Defender by Mollie G. Raskind, Deputy State Public Defender, Minneapolis, for appellant.

R.T. Rodenberg, Brown County Atty. by Clark A. Tuttle, III, Asst. Brown County Atty., New Ulm, for respondent.

AMDAHL, Chief Justice.

Defendant was found guilty by a jury of a charge of theft over $150, a severity level III offense. The presumptive sentence for the offense by a person with defendant's criminal history score (four) is an executed prison term of 22 (21–23) months in prison. The trial court sentenced defendant to 22 months in prison, ordered the prison term executed, and fined defendant $500, with execution of the fine being stayed for 5 years following defendant's release from prison. The conditions of the stay were that defendant abide by the terms of probation and pay $100 to the public defender fund by way of restitution. The court did not order restitution to the victims since defendant already had returned the stolen property to them.

Under the Guidelines the trial court had to choose between imprisoning defendant and placing him on probation. *State v. Moore*, 340 N.W.2d 671 (Minn.1983). If the court had placed defendant on probation, the court could have required restitution as a condition of probation. Minn.Stat. § 609.135, subd. 1 (1982). Since the trial court chose to execute the prison sentence, the court could not order restitution, absent some agreement by defendant to make restitution, as in *Moore*. However, the court's decision to execute the prison sentence did not prevent the court from fining defendant. The statutes permit, and the Guidelines do not prohibit, the imposition of a fine in addition to imprisonment. Thus, the trial court clearly had the right both to impose a fine and to order execution of the prison sentence. This being so, defendant is not entitled to have the requirement that he pay the fine be vacated.

Affirmed as modified.