**STATE of Minnesota, Respondent,**

v.

**Rick RADDATZ, Appellant (C9–83–1775)**

**Todd Hansen, Appellant (C1–83–1785)**

**Kerry K. Larson, Appellant (C3–83–1786)**

**Nos. C9–83–1775, C1–83–1785 and C3–83–1786.**

Court of Appeals of Minnesota.

March 21, 1984.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellants.

Hubert H. Humphrey, III, Atty. Gen., Paul Kempainen, Sp. Asst. Atty. Gen., St. Paul, Susan Chambers, Asst. County Atty., Mankato, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is a sentencing appeal by defendants Larson, Hanson and Raddatz. After separate but identical plea negotiations, each pleaded guilty to twelve burglary offenses. In return for the guilty pleas ten Minnesota counties dismissed other charges against defendants and agreed not to prosecute other uncharged burglaries.

The state, on behalf of the counties involved, recommended the presumptive sentence for the first eleven convictions and a double departure for the twelfth conviction in each case. The trial court ordered the recommended prison time and also imposed joint and several liability for restitution as part of each defendant's sentence. Defendants appeal the inclusion of restitution in their executed sentences.

Affirmed as modified.

## FACTS

Appellants and others were involved in a burglary ring that committed a large number of business burglaries in Southwestern Minnesota. After their arrests on March 31, 1983, felony charges were brought against them in Blue Earth, Brown, Faribault, LeSueur, Martin, McLeod, Redwood, Sibley, Waseca and Watonwan Counties. On June 29, 1983, following negotiations coordinated by the Blue Earth County Attorney's office, appellants entered guilty

pleas to twelve counts of burglary. By special designation of the Chief Judge of the Fifth Judicial District and the Chief Justice of the Supreme Court, one trial judge presided over the charges filed by all ten counties.

In return for the guilty pleas, other burglaries appellants had been charged with were dismissed and prosecution of uncharged burglaries was waived. The agreed recommended sentences called for presumptive sentences for the first eleven convictions and a double durational departure for the twelfth conviction. The nature of the offenses, including their sophistication and the amount of the monetary loss involved, were urged as justifications for the departures.

On August 29, 1983 the appellants were adjudged guilty of twelve counts of burglary and sentenced. As part of the sentence, each appellant was committed to the custody of the commissioner of corrections on all twelve convictions. The prison sentences were to run concurrently with the longest sentence being 90 months. Each appellant's sentence also imposed joint and several liability for restitution of everything taken in all the burglaries.

### ISSUE

Whether the trial court erred in ordering restitution as part of an executed sentence.

### ANALYSIS

The propriety of ordering restitution as part of an executed sentence was unclear at the time appellants were sentenced. On February 17, 1984, however, the Minnesota Supreme Court issued its decision in *State of Minnesota v. Wentz*, 343 N.W.2d 667 (1984).

In *Wentz*, the convicted defendant received a 22 month executed prison sentence and a $500 fine. Execution of the fine was stayed for five years.

The conditions of the stay were that defendant abide by the terms of probation and pay $100 to the public defender fund by way of restitution. The trial court did not order restitution to the victims since defendant already had returned the stolen property to them.

*Id.* at 667.

The Supreme Court modified the sentence saying:

Under the Guidelines the trial court had to choose between imprisoning defendant and placing him on probation. *State v. Moore*, 340 N.W.2d 671 (Minn. 1983). If the court had placed defendant on probation, the court could have required restitution as a condition of probation. Minn.Stat. § 609.135, subd. 1 (1982). *Since the trial court chose to execute the prison sentence, the court could not order restitution, absent some agreement by defendant to make restitution,* as in Moore.

*Id.* at 667 (emphasis added).

### DECISION

In the cases now before us, the trial court imprisoned appellants on all twelve convictions. Under *Wentz*, the trial court could require restitution in addition to imprisonment only if defendants agreed or if the sentences were stayed and restitution was a condition of probation. Since appellants did not agree to make restitution and the sentences were executed and no probation involved, their sentences must be limited to imprisonment. The portion of the sentences requiring restitution is vacated. Appellants shall serve the remaining portion of their imprisonments but are not required to make restitution upon their release.

Affirmed as modified.