STATE of Minnesota, Respondent,

v.

Donald Richard BURDICK, Appellant.

Nos. C2–84–798, C0–84–802, C2–84–803, C4–84–804, C6–84–805.

Court of Appeals of Minnesota.

Sept. 18, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, Michael K. Jordan, Sp. Asst. Atty. Gen., St. Paul, Michael Q. Lynch, Kandiyohi Co. Atty., Willmar, Peter J. Kasal, McLeod Co. Atty., Glencoe, Jan Craig Nelson, Redwood Co. Atty., Redwood Falls, Thomas Simmons, Renville Co. Atty., Olivia, Thomas G. McCarthy, Sibley Co. Atty., Winthrop, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Donald Burdick pleaded guilty to receiving stolen property in McLeod County and was sentenced to 21 months, with a stay of execution for five years with probation conditions to include restitution in the amount of $6,323.56 and chemical dependency treatment. At the same time, appellant received executed sentences of 25 months for a Redwood County burglary conviction; 22 months for a Redwood County theft conviction; 25 months for a Kandiyohi County theft conviction; and 25 months for a Renville County possession of stolen property conviction. All sentences were to run concurrently. The executed prison sentences also included as a condition of the sentence restitution and chemical dependency treatment. On appeal, appellant contends: 1) he is entitled to have the McLeod County sentence executed; 2) that if the sentence is executed, his restitution obligation should cease because he did not agree to restitution; and 3) the trial court was without authority to order appellant to participate in a chemical dependency program as a condition of his executed sentences. We reverse.

## FACTS

Appellant was involved in numerous acts of theft, burglary, and transferring stolen property in several counties. By criminal complaint, appellant was charged as follows:

1. October 3, 1983—Sibley County Court—felony theft and third-degree burglary in violation of Minn.Stat. § 609.52, subd. 2(1) (1982) and § 609.582, subd. 3 (Supp.1983).

2. October 10, 1983—Renville County Court—possession of stolen property in violation of Minn.Stat. § 609.53, subd. 1(1) (1982).

3. October 24, 1983—Kandiyohi County Court—felony theft and four counts of receiving stolen property in violation of Minn. Stat. § 609.52, subd. 2(1) (1982) and § 609.-53, subd. 1(2) and (3) (1982).

4. October 24, 1983—McLeod County Court—felony theft and two counts of receiving stolen property in violation of Minn. Stat. § 609.52, subd. 2(1) (1982) and § 609.-53, subd. 1(1) and (2) (1982).

5. November 1, 1983—Redwood County Court—burglary and theft in violation of Minn.Stat. § 609.52, subd. 2(1) (1982) and § 609.58, subd. 2 (1982).

6. January 3, 1984—Redwood County Court—fourth-degree assault in violation of Minn.Stat. § 609.224 (Supp.1983).

On January 18, 1984, appellant pleaded guilty to felony theft in connection with the Kandiyohi County complaint; felony theft in connection with the Sibley County complaint; receiving stolen property over $300 in connection with the McLeod County complaint; possession of stolen property in connection with the Renville County complaint; and burglary and felony theft in connection with the three Redwood County complaints. In exchange for the guilty pleas, all other charges were to be dismissed and sentencing was to be concurrent.

On February 18, 1984, appellant was sentenced as follows: for the McLeod County receiving stolen property conviction, a prison sentence of 21 months with a stay of execution for five years, with probationary conditions to include restitution in the amount of $6,323.56 and chemical dependency treatment; for the Redwood County burglary conviction, a prison sentence of 25 months; for the Redwood County theft conviction, a prison sentence of 22 months; for the Kandiyohi County theft conviction, a prison sentence of 25 months; for the Renville County possession of stolen property conviction, a prison sentence of 25 months. All executed sentences were to run concurrently. Restitution and chemical dependency were also ordered as conditions of the executed sentences.

On March 9, 1984, appellant moved for execution of the McLeod County stayed sentence and modification of his restitution obligations. The trial court denied appellant's motion for execution of his McLeod County sentence, and denied the request for a reduction in his restitution obligation under the McLeod County sentence, but vacated the restitution conditions on appellant's executed prison sentences.

## ISSUES

1. Was appellant entitled to have his sentence executed?

2. Does a restitution obligation which was not part of a plea agreement remain after the sentence is executed?

3. Does the trial court have the authority to order the defendant to participate in a chemical dependency program as a condition of an executed sentence?

## ANALYSIS

### I.

■■■ The State concedes that the trial court erred when it failed to execute appellant's McLeod County sentence upon his demand. A defendant may demand his sentence be executed when the conditions of probation are more onerous than the executed prison sentence. *State v. Randolph*, 316 N.W.2d 508, 510 (Minn.1982). A defendant serving a prison sentence on one felony has a right to execution of a probationary sentence under the Minnesota Sentencing Guidelines. *State v. Roesch*, 349 N.W.2d 348 (Minn.Ct.App.1984); *State v. Murto*, 316 N.W.2d 739 (Minn.1982); *State v. Ott*, 341 N.W.2d 883, 884 (Minn.1984).

### II.

■■ Appellant contends that, if this court determines he is entitled to execution of his McLeod County sentence, then the restitution obligation under that sentence should not remain because appellant did not agree to restitution. *State v. Raddatz*, 345 N.W.2d 798, 799 (Minn.Ct.App.1984); *State v. Moore*, 340 N.W.2d 671, 674 (Minn. 1983); *State v. Wentz*, 343 N.W.2d 667

(Minn.1984). The State concedes this and we agree. *See State v. Sargent*, 355 N.W.2d 179 (Minn.Ct.App.1984), issued concurrently.

### III.

■■ Appellant was committed to the custody of the Commissioner of Corrections, and ordered to participate in a chemical dependency treatment program as a condition of his executed sentences. The appellant alleges the trial court was without authority to order appellant to participate in this treatment as part of his executed sentences. The State concedes the trial court could not order the appellant to participate in a chemical dependency treatment while incarcerated.

■■ Minn.Stat. § 609.10 (1982) sets forth the sentences the trial court may impose in felony cases; however, it does not authorize the trial court to prescribe the conditions and rules of incarceration. The Minnesota Sentencing Guidelines and Minn. Stat. § 244.02–.04 (1982 and Supp.1983) also do not authorize the trial court to prescribe the conditions and rules of incarceration. Minn.Stat. § 609.105, subd. 2 (1982) provides that the Commissioner of Corrections has the authority to establish rules regulating the conduct, instructions, and discipline of the inmates. Although Minnesota case law has not addressed this precise question, it appears that the legislature authorized only the Commissioner of Corrections to regulate the conduct of inmates while incarcerated, and that the trial court does not have the authority to order an inmate to participate in a chemical dependency program while incarcerated.

## DECISION

Appellant is entitled to have the McLeod County sentence executed so that it may be served concurrently with the other sentences. The restitution obligation under the McLeod County sentence was not agreed to by the appellant and therefore must be vacated when appellant's sentence is executed. Appellant is also entitled to

have the order requiring that he participate in a chemical dependency program vacated.

Reversed.