**STATE of Minnesota, Respondent,**

v.

**Randy M. SARGENT, Appellant.**

Nos. C5–84–455, C7–84–456, C9–84–457, C0–84–458, C2–84–459, C9–84–460.

Court of Appeals of Minnesota.

Sept. 18, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, Paul R. Kempainen, Robert A. Stanich, Sp. Asst. Attys. Gen., St. Paul, David Twa, Blue Earth Co. Atty., Mankato, W.M. Gustafson, Nicollet Co. Atty., St. Peter, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is a consolidated appeal challenging appellant's sentence. Appellant claims the trial court could not order restitution as a condition for staying fines, and simultaneously execute prison sentences. Appellant also claims the trial court erred in denying his request for execution of three prior probationary sentences when it later executed four concurrent sentences. We affirm as modified.

## FACTS

Appellant was on probation for aggravated forgery and theft offenses committed in 1980, and for theft committed in 1981.

In 1983, appellant burglarized four businesses, and passed a forged check. Pursuant to a plea agreement, appellant pleaded guilty to aggravated forgery, burglary with a tool, and two counts of burglary. Burglary charges stemming from one business were dropped, and theft and criminal damage to property charges arising from the burglaries were also dropped. As part of the plea agreement, appellant agreed to make restitution to three of the businesses burglarized, but not to the establishment for which appellant was convicted of burglary with a tool.

At a consolidated sentencing on December 19, 1983, the trial court imposed the following sentences:

(1) 25-month executed prison sentence and $1,350 fine for burglary;

(2) 32-month executed prison sentence, concurrent, and $1,350 fine for burglary;

(The fines for these two sentences were stayed for five years on condition that appellant make restitution, and pay $60 to the public defender fund.)

(3) 19-month executed prison sentence, concurrent, and $100 fine for aggravated forgery;

(Fine was stayed for ten years on condition that appellant pay $50 restitution for the check and $30 to the public defender fund.)

(4) 45-month executed prison sentence, concurrent, and $2,000 fine for burglary with a tool;

(The fine was stayed for twenty years on condition that appellant pay restitution and $30 to public defender fund.)

(5) A $20 surcharge on all four offenses was also ordered, pursuant to Minn. Stat. § 609.101 (1982).

Appellant's counsel requested at sentencing that appellant's three prior probationary sentences be executed pursuant to *State v. Randolph*, 316 N.W.2d 508 (Minn. 1982). The trial court denied appellant's request. Instead, the court "interrupted" the running of the probationary periods effective July 19, 1983, until appellant had been released from prison.

## ISSUES

1. Did the trial court err in refusing appellant's *Randolph* request for execution of his prior probationary sentences?

2. Did the sentencing court have authority to toll the prior probation on sentences until defendant was released from prison?

3. Did the sentencing court have authority to order execution of a prison sentence and also order restitution as a condition for staying execution of a fine?

## ANALYSIS

### I.

■ The State concedes the trial court erred in denying appellant's *Randolph* re-

quest for execution of his prior probationary sentences. We agree. Under recent case law interpreting *State v. Randolph,* 316 N.W.2d 508 (Minn.1982) (decided after the December 19, 1983 sentencing), appellant's request must be granted. *State v. Ott,* 341 N.W.2d 883 (Minn.1984); *State v. Anderson,* 345 N.W.2d 764 (Minn.1984); *State v. Wesenberg,* 348 N.W.2d 117 (Minn. Ct.App.1984).

The propriety of the sentencing court's tolling of the prior probationary sentences is moot.

## II.

The sentencing court imposed a total of $4,800 in fines, stayed on condition that appellant pay restitution and reimburse the public defender fund $120. Appellant does not object to payment of the *fines;* rather, he objects to paying restitution, despite the fact that the amount of restitution is less than the total of the fines. He further challenges the authority of the sentencing court to order reimbursement of the public defender fund.

■ The general rule is that, absent some agreement by defendant to make restitution, a trial court may not impose an executed prison sentence and an order of restitution. *State v. Wentz,* 343 N.W.2d 667 (Minn.1984); *State v. Raddatz,* 345 N.W.2d 798 (Minn.Ct.App.1984).

■ In this case, appellant agreed to make restitution for three of the burglaries. In exchange, he received favorable concessions from the State, namely numerous other charges were dropped. Thus, the trial court had the authority to order restitution as a condition of staying the fines for those offenses. *See State v. Moore,* 340 N.W.2d 671 (Minn.1983).

■ However, appellant never agreed to restitution as part of his plea to aggravated forgery and to burglary with a tool. He was given executed sentences for these convictions. Under *Wentz,* this was improper, and the order of restitution as a condition for staying the fines for these two convictions is vacated. The fines imposed for these convictions are maintained, but they are no longer stayed.

■ Under the state of this record, the requirement that appellant pay a total of $120 to the public defender fund as a condition of staying the fines for all four convictions must be vacated.

The record does not show appellant ever agreed to reimburse the public defender fund as part of the plea agreement. Appellant's agreement, however, pursuant to Minn.Stat. § 611.20 (1982) is unnecessary, but findings pursuant thereto must be made by the trial court. Absent these findings, under *Wentz,* it cannot stand.

We note that the sentencing court did not have the benefit, as we do today, of either the *Wentz* or *Ott* decisions at sentencing.

## DECISION

Appellant is entitled to have his three prior probationary sentences executed pursuant to *Randolph.* Restitution obligations on the probationary sentences remain, however, pursuant to *State v. Moore,* 340 N.W.2d 671 (Minn.1983).

The restitution obligations for the burglary with a tool and aggravated forgery convictions as a condition for staying fines are vacated because appellant never agreed to make restitution for these offenses. Thus, the fines imposed are a current obligation.

The restitution obligation for the other burglaries as a condition for staying the fines on the other two burglary convictions is proper because appellant agreed to make restitution for these burglaries.

Absent findings pursuant to Minn.Stat. § 611.20, the obligation to reimburse the public defender fund $120 as a condition of staying the fines in all four convictions is vacated because appellant never agreed to this in the plea negotiations.

Affirmed as modified.