**STATE of Minnesota, Respondent,**

v.

**Randy C. SCHMIDT, Appellant.**

**No. C2–84–1451.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

Review Denied Feb. 5, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, W.M. Gustafson, Nicollet County Atty., St. Peter, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant appeals from a post-conviction order denying his request for execution of his stayed 25 month sentence and vacation of the probation requirement for restitution. The court modified the 20 year probationary sentence to commence on the date of the original sentence and the duration of the stayed sentence from 25 months to one year and one day. The court declined to order execution of the sentence. We reverse.

## FACTS

Appellant pleaded guilty to two counts of burglary with a tool involving offenses occurring on January 29, 1983, and February 15, 1983. Based upon appellant's prior criminal history score of IV and *State v. Hernandez*, 311 N.W.2d 478 (Minn.1981), the presumptive sentences under the Minnesota Sentencing Guidelines were determined as concurrent executed prison sentences of 25 months and 34 months.

The trial court imposed sentences of 25 months and 34 months. Execution of the 25 month sentence was stayed for a period of 20 years with probation to commence after appellant was released from confinement on the 34 month executed sentence along with other unrelated sentences. As a condition of the stayed sentence, appellant was ordered to pay restitution on both burglary offenses. Appellant filed a petition for post-conviction relief requesting that the stayed 25 month sentence be executed and that the restitution requirement be vacated. The trial court refused appellant's request and modified the 25 month stayed sentence duration to one year and one day.

## ISSUES

1. Is appellant entitled to execution of his stayed sentence to assure concurrency with his other executed sentences?

2. Is appellant entitled to vacation of his restitution requirement upon execution of his stayed sentence when he never agreed to pay restitution as part of his guilty plea?

## ANALYSIS

■ 1. The presumptive sentence under the circumstances of this case is 25 and 34 months served concurrently. The sentence ultimately reached by the trial court was 34 months in prison, concurrent one year and one day with execution stayed, probation for 20 years and restitution. Appellant's request to execute the stayed sentence should have been granted. *State v. Milbrad*, 355 N.W.2d 706 (Minn.1984); *State v. Randolph*, 316 N.W.2d 508, 510 (Minn. 1982).

■ 2. Because the probationary sentence is executed, the restitution requirement must be vacated. It is settled that restitution cannot be ordered with an executed prison sentence absent an agreement by defendant to make restitution. *State v. Wentz*, 343 N.W.2d 667 (Minn.1984); *State v. Raddatz*, 345 N.W.2d 798 (Minn.Ct.App. 1984).

## DECISION

Defendant is entitled to execution of his prison sentence pursuant to *Milbrad* and *Randolph*. The restitution ordered with the probationary sentence is vacated.

Reversed.