STATE of Minnesota, Respondent,

v.

Paul CRAIG, Appellant.

No. C6–84–402.

Court of Appeals of Minnesota.

Dec. 11, 1984.

Hubert H. Humphrey, III, Atty. Gen., Robert M. Johnson, Anoka County Atty., Marcy S. Crain, Asst. County Atty., Anoka, for respondent.

C. Paul Jones, State Public Defender, Brian Rademacher, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Paul Jon Craig was found guilty of felony burglary, Minn.Stat. § 609.58, subd. 2(3) (1982), and felony theft over $150, Minn.Stat. § 609.52, subds. 2(1) and 3(2) (1982). He was sentenced pursuant to the sentencing guidelines to 32 months in prison. The trial court also ordered restitution to the victim, in an amount to be determined. Affirmed as modified.

## FACTS

Kenneth Anderson's house was broken into on March 17, 1983, and a 25 inch color console television, stereo system, and

phone answering machine were taken. Daniel Snabb, an eyewitness who picked up garbage at Anderson's home on March 17, saw a car with an open trunk backed up to the house and a man carrying something large from the house. When Snabb backed his garbage truck into the driveway, he saw the man from about 10 feet away. Snabb asked where "Ken" was and the man replied "Ken who?" Snabb told the man to tell Anderson there would be an extra charge for the garbage, since it exceeded the usual amount. Snabb noted the license number of the car and described the man as slender, five feet eleven inches to six feet tall with dark hair, mustache and one week's growth of facial hair.

Mark Bruins, who was accompanying Snabb, noted the man Snabb talked with was tall, thin, and had dark hair and a mustache. He did not think the man had facial hair.

In April 1983, Snabb identified Craig from a selection of six photographs shown to him by an investigator for the sheriff's office. Approximately one month later, Bruins chose two very similar photographs, including one of Craig, as resembling the man he saw at the Anderson house. The photograph from which Craig was identified was admitted into evidence. Both Snabb and Bruins identified Craig at trial.

The automobile spotted at Anderson's home was traced to Leah Troyer, who reported to police that Craig, who had been staying with Troyer since mid-February, stole it on March 16. She testified Craig may have shaved his beard while he stayed with her, although she was unsure. Troyer testified that Craig phoned her on March 19 from Texas, that only he had driven the car and that it would be returned to her. The car was recovered on March 23 after Craig called again with its location.

A bookkeeper for Craig's sometime employer testified Craig had a full beard on March 11, 1983, when she last saw him. Craig's brother also testified Craig had a full beard when he saw him in early to mid-March.

Craig's girlfriend told the jury Craig came to her apartment the afternoon of March 16 and did not leave until March 18, although she was unsure how he got there. She also claimed Craig had a full beard and mustache on March 17.

Craig was first scheduled for trial in August 1983, but obtained a continuance when he discharged his public defender. Trial was rescheduled for September 1983, and again postponed after Craig's motion for appointment of a private investigator was granted. Trial began October 17, 1983 but a mistrial was declared on October 18. A new trial was set for November 7, 1983. Craig then sought to dismiss his second public defender and have private counsel appointed, or for a two month continuance and release from custody so he could earn enough to pay fees for private counsel. The motions were heard twice before trial and again on the day of trial. Craig was permitted to dismiss his attorney and all other relief was denied. Craig's additional request for a continuance to prepare himself for trial was denied. Craig represented himself only through jury selection, when the public defender resumed his representation.

## ISSUES

1. Was there sufficient evidence to support the jury verdicts?

2. Did the trial court improperly admit the photograph from which Craig was identified?

3. Did the trial court properly deny Craig's motion for a continuance?

4. Did the trial court properly order restitution in addition to imprisonment?

## ANALYSIS

### I

 Craig contends the evidence of identification and value of the stolen property was insufficient to support the verdicts. We must view the evidence in the light most favorable to the State and assume the jury believed the State's witnesses. If the jury could reasonably conclude

the defendant was guilty, the verdict will not be reversed. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978); *see State v. Nash*, 342 N.W.2d 177, 179 (Minn.Ct.App. 1984). In so viewing the evidence, we conclude the jury could reasonably have found Craig guilty of both charges.

## II

Craig contends the admission of the mug shot which was identified by Snabb and Bruins caused the jury to speculate about his prior criminal record or, alternatively, caused them to speculate that the photograph was taken at the time of his arrest for the burglary. Because Craig had no beard in the photo, he argues the jury may have inferred he was also clean shaven on March 17.

■ Where the State seeks to introduce mug shots, the trial court must carefully weigh their probative value against the danger of prejudice to the defendant. *State v. McAdoo*, 330 N.W.2d 104, 107 (Minn.1983).

■ The photographs were cropped so the booking sign was not visible. As the supreme court stated in *McAdoo*, "although the photograph of defendant was taken in connection with a prior arrest, the jury was not told this; therefore, the jury did not necessarily know that the pictures were taken in connection with a prior arrest rather than the present arrest." *Id.* The relevance of the photograph is clear: Craig had a full beard at trial but was beardless in the photograph; the eyewitnesses testified the man they saw at the scene was not bearded or had only a week's growth of facial hair. All parties agree the key issue at trial was identification. "If the state had not been permitted to show the manner in which defendant was originally identified, it is quite possible that the jury would not have credited the identification testimony." *State v. Lee*, 266 N.W.2d 181, 182 (Minn.1978). Under the circum-

stances, we conclude the trial court did not err in admitting the photograph.

## III

■ Craig also argues the trial court erred by refusing his request for a continuance to obtain new counsel. "The decision to grant or deny a motion for continuance lies within the sound discretion of the trial court and will only be reversed upon a showing of abuse of discretion." *State v. Turnipseed*, 297 N.W.2d 308, 311 (Minn. 1980). This court must determine whether Craig was so prejudiced as to materially affect the outcome of his trial. *See State v. Vance*, 254 N.W.2d 353, 359 (1977).

Craig had already obtained one substitution of counsel and trial had been delayed three times. He did not have the retainer necessary to secure the attorney of his choice, and merely stated he would try to obtain employment and raise the money if given two months. The State argued that witnesses who had already been subpoenaed four times could become uncooperative.

■ Craig failed to demonstrate any prejudice suffered or material effect on the outcome by denial of his motion. His counsel ably represented him throughout the trial and sentencing. It was not error for the trial court to deny the request for a continuance.

## IV

■ The trial court sentenced Craig to 32 months in prison and ordered restitution to the victim. "Since the trial court chose to execute the prison sentence, the court could not order restitution, absent some agreement by the defendant to make restitution * * *." *State v. Wentz*, 343 N.W.2d 667, 667 (Minn.1984); *see State v. Raddatz*, 345 N.W.2d 798 (Minn.Ct.App.1984). Since there is no indication of a restitution agreement in this case, the trial court improperly ordered restitution. The portion of the sentence ordering restitution must be vacated.[1]

1. In 1984 the Legislature amended Minn.Stat. § 609.10 (1982) to provide for "payment of

court-ordered restitution in addition to either imprisonment or payment of a fine, or both."

## DECISION

The judgments of conviction are affirmed. The portion of appellant's sentence ordering restitution is vacated.

Affirmed as modified.

1984 Minn.Laws ch. 610, § 1. Since Craig was sentenced prior to the effective date of this change, the amendment is not applicable to his case.