**STATE of Minnesota, Respondent,**

v.

**Michael Charles LARSON, Defendant,**

**Michael Johnson, Appellant.**

**No. C1–85–916.**

Court of Appeals of Minnesota.

Oct. 1, 1985.

Steven C. Fecker, Lano, Nelson, O'Toole & Fecker, Ltd., Grand Rapids, for respondent.

Thomas S. Fraser, Fredrikson & Byron, P.A., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jean M. Boler, Sp. Asst. Atty. Gen., St. Paul, for amicus curiae State.

Considered and decided by FOLEY, P.J., and FORSBERG and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

This appeal is from a trial court's summary appropriation of cash bail from an indigent defendant, to pay the cost of his public defender upon his acquittal. Michael Johnson, a friend of the defendant, filed a motion in the Itasca County District Court for a refund of cash bail posted by him for defendant Michael Larson. The trial court denied the motion. We reverse and remand.

## FACTS

Michael Larson (defendant) was accused of a crime and a public defender was appointed to represent him. His friend, Michael Johnson (appellant), posted $1,000 cash bail for him. Johnson claims he posted the bail after being assured by the dis-

trict court clerk's office that his money would be returned to him if defendant appeared in court. Defendant appeared in court and was acquitted by a directed verdict at the close of the State's case.

Upon the acquittal, the trial judge summarily ordered defendant to reimburse the district public defender's fund the sum of $750 from the posted bail money. Johnson was present in the courtroom and asserted his right to the bail:

> Your honor, may I speak. That bail money is mine, not Mike's. I posted the bail for him.

The trial judge responded:

> Under law all bail money is the property of the defendant and that is one of the risks that people run in posting bail. He owes you some money. We stand in recess.

Johnson filed a motion for a refund of the $750 bail. Defendant Larson assigned any right to refund to Johnson. Johnson's motion for refund was denied and this appeal followed.

## ISSUE

Did the trial court err when it summarily appropriated the defendant's cash bail to reimburse the public defender's fund?

## ANALYSIS

To justify its summary appropriation the trial court used Minn.Stat. § 629.53 (1984) in conjunction with another statute, Minn. Stat. § 611.35 (1984), and Minnesota Rule of Criminal Procedure 5.02. Section 629.53 provides in part:

> When cash bail is deposited in lieu of other bail, the cash shall be the property of the accused, whether deposited by him personally or by any third person in his behalf. When cash bail is accepted by a judge, he shall order it to be deposited with the clerk who shall retain it until the final disposition of the case and the further order of the court relative to it. Upon release, in whole or in part, the amount released shall be paid to the accused personally or upon his written or-

der. In case of conviction, the judge may order the deposit to be applied upon any fine imposed * * *.

Minn.Stat. § 611.35, subd. 1 (1984) provides in part:

Any person who is represented by a public defender or appointive counsel shall, if he is financially able to pay, reimburse the governmental unit chargeable with the compensation of such public defender or appointive counsel for the actual costs to the governmental unit in providing the services of the public defender or appointive counsel. The court in hearing such matter shall ascertain the amount of such costs to be charged to the defendant and shall direct reimbursement over a period of not to exceed six months, unless the court for good cause shown shall extend the period of reimbursement.

The trial court read these statutes together reasoning that since the cash bail is deemed to be the property of the defendant, it can be used to reimburse the Ninth Judicial District Public Defender's Fund.

█ Section 611.35 does not authorize that use of cash bail. The purpose of bail is to permit the release of a defendant by providing an incentive for him to appear at trial or forfeit the bail. *See State v. Mastrian*, 266 Minn. 58, 122 N.W.2d 621, *cert. denied*, 375 U.S. 942, 84 S.Ct. 349, 11 L.Ed.2d 274 (1963). The purpose was achieved when defendant appeared at trial. Cash bail is considered the property of the accused and not of the state. *See* Minn. Stat. § 629.53 (1984). The clerk merely holds the money for the defendant, pending the outcome of the trial. Defendant's *acquittal* was the final disposition of the case. At that point the court was required to return the money.

The proper method for obtaining reimbursement for public defense services is for the trial court to afford a hearing on the financial ability to pay. *See* Minn.Stat. § 611.35, subd. 1 (1984). Where a defendant is found able to reimburse the fund, the court may direct repayment for up to six months. *Id.* If an amount charged re-

mains unpaid at the expiration of six months, the county attorney must file a civil action to recover the funds. *Id.* at subd. 2.

█ The trial court also relied upon Minnesota Rule of Criminal Procedure 5.02, subd. 5. In part it provides:

The court may require a defendant, to the extent of his ability, to compensate the governmental unit charged with paying the expense of appointed counsel.

Minn.R.Crim.P. 5.02, subd. 5. It does not authorize payment from bail. Subdivision 3 of that rule provides:

A defendant is financially unable to obtain counsel if he is financially unable to obtain adequate representation without substantial hardship for himself or his family.

Minn.R.Crim.P. 5.02, subd. 3.

Standards accompanying Rule 5.02 contain detailed provisions regarding the determination of financial ability. None allow payment from bail. They do require the trial court to consider the amount of bail the defendant can post in determining whether to appoint counsel or whether to require reimbursement. In this case, however, any determination that the bail money was an asset should have been offset by the corresponding debt the defendant owed Johnson.

█ The trial court also erred in using a summary procedure. Defendant was initially determined indigent. Upon any subsequent finding that defendant was financially able to obtain counsel or to make partial payment for the services of the public defender, the trial judge should have given him the option to pay for the public defender or have the representation terminated. *See* Minn.Stat. § 611.20 (1984). The trial court's summary appropriation of the bail deposit was arbitrary. There was no finding at that time that defendant was able to afford counsel and having been acquitted, defendant could not be required to reimburse the county out of bail money.

Pursuant to Minn.Stat. § 611.35, a hearing is required before a defendant can be

made to reimburse the public defender. In his denial of the motion for reimbursement, the trial judge apparently reconsidered his initial determination of the defendant's financial ability, this time reaching a different conclusion. No hearing was afforded prior to the trial court's determination that the defendant would be required to reimburse the fund. This was error.

We recognize the constitutional concerns raised but decline to reach them since there are adequate statutory grounds upon which to decide this case.

### DECISION

The trial court's interpretation of Minn. Stat. §§ 629.53 and 611.35 is erroneous. The trial court is directed to enter an order refunding the $750 plus interest to the defendant or to his order.

Reversed and remanded.