STATE of Minnesota, Respondent,

v.

Kenneth Lee **HARSTAD**, Appellant.

No. C5–86–1593.

Court of Appeals of Minnesota.

Dec. 16, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Julius E. Gernes, Winona Co. Atty., Winona, for respondent.

James P. Ryan, Jr., Ryan & Vanderheyden, St. Charles, appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

This is a sentencing appeal. Kenneth Harstad was found guilty of four counts of theft and one count of forgery occurring between December 1982 and July 1984. In addition to an executed sentence of 27 months in prison, the trial court ordered restitution. We affirm in part and vacate in part.

## FACTS

Harstad was the president and majority shareholder of the First State Bank of Rollingstone, Minnesota. In December 1985 he was charged with 77 felony counts involving thefts from the retirement funds of the Winona Police Relief Association, which were on deposit with the bank. All of these crimes occurred between December 1982 and July 1984. Pursuant to a plea agreement, he was found guilty of four counts of theft and one count of forgery.

Filing a departure report, the trial court sentenced Harstad to 27 months' imprisonment, an upward durational departure of eight months. He also applied newly revised Minn.Stat. § 609.10(5) (1984), effective August 1, 1984, to order restitution of $193,500 plus interest in addition to the executed sentence. Harstad appeals from the judgment.

## ISSUES

1. Did the trial court err in interpreting Minn.Stat. § 609.10(5) (1984) to apply to crimes committed before August 1, 1984?

2. Did the trial court err in making an upward durational departure of eight months from the sentencing guidelines?

## DISCUSSION

Until recently, Minnesota courts could not order restitution in addition to an executed prison term unless the defendant so agreed. *State v. Wentz*, 343 N.W.2d 667 (Minn.1984); *State v. Raddatz*, 345 N.W.2d 798 (Minn.Ct.App.1984). Effective August 1, 1984, Minn.Stat. § 609.10(5) allows the courts to order restitution and/or a fine in addition to imprisonment for felonies:

> Upon conviction of a felony and compliance with the other provisions of this chapter the court, if it imposes sentence, may sentence the defendant to the extent authorized by law as follows:
>
> \*     \*     \*     \*     \*     \*
>
> (5) To payment of court-ordered restitution in addition to either imprisonment or payment of a fine, or both.

■ The central issue on appeal is whether this provision applies to crimes committed before the effective date of August 1, 1984. The trial court interpreted the statute to apply to *sentences* imposed on or after the effective date, regardless of when the crime was committed.

An ancient maxim of statutory construction provides, *"Expressio unius est exclusio alterius."* As expressed in Minnesota case law, "[w]here a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others." *Maytag Co. v. Commissioner of Taxation*, 218 Minn. 460, 463, 17 N.W.2d 37, 40 (1944).

The 1984 amendment is silent as to the application of section 1 thereof, which contains the provision at issue here. However, it makes express provision for the application of certain other sections:

Sections 3 and 4 [dealing with noninstitutional sanctions] apply to *sentences* imposed or stayed on or after August 1, 1984.

1984 Minn.Laws, ch. 610, § 7 (emphasis added). Therefore, as to these sections, the date of the crime is immaterial.

Section 1 of chapter 610, Laws 1984, however, which enacted § 609.10(5), is impliedly excluded from applying to sentences imposed or stayed on or after August 1, 1984, assuming the crime to have been committed before that date.

In a previous amendment, section 609.10 was expressly applied to *offenses*, rather than sentences, occurring after its effective date:

> [Section 13, amending Minn.Stat. § 609.-10, is] effective May 1, 1980, and [applies] to all *offenses* committed on or after that date and to all persons convicted of a *felony* committed on or after that date.

1978 Minn.Laws, ch. 723, § 20, subd. 2 (emphasis added).

We have no reason to believe the legislature has altered this clear expression of its intent that this statute apply to offenses, rather than sentences, occurring on or after the effective date. We hold that the trial court erred in applying Minn.Stat. § 609.10(5) to allow restitution in addition to an executed sentence for Harstad's crimes, which were committed before the effective date of the statute. Noting that the victims of Harstad's crimes can pursue their civil remedies, we hereby vacate the restitution order.

In light of this holding, we do not reach Harstad's contention that Minn.Stat. § 609.10(5) violates constitutional prohibitions against *ex post facto* laws. Neither do we reach the issue of whether the trial court erred in going beyond the plea agreement to order restitution of an additional $60,000 theft to which Harstad otherwise admitted.

## II

Harstad also contends the trial court abused its discretion in departing from the sentencing guidelines by ordering 27 months' imprisonment, an upward departure of eight months. The guidelines authorize an upward durational departure for a major economic offense, which is identified, together with its aggravating factors, as

> an illegal act or series of illegal acts committed by other than physical means and by concealment or guile to obtain money or property, to avoid payment or loss of money or property, or to obtain business or professional advantage. The presence of two or more of the circumstances listed below are aggravating factors with respect to the offense:
>
> (a) the offense involved multiple victims or multiple incidents per victim;
>
> (b) the offense involved an attempted or actual monetary loss substantially greater than the usual offense or substantially greater than the minimum loss specified in the statutes;
>
> (c) the offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;
>
> (d) the defendant used his or her position or status to facilitate the commission of the offense, including positions of trust, confidence, or fiduciary relationships; or
>
> \*  \*  \*  \*  \*  \*

Minnesota Sentencing Guidelines II.D.103.-2.b.(4) (1986).

█ Tracking this provision in its departure report, the trial court correctly noted that Harstad's course of conduct, involving a series of thefts compounded by the creation of bogus mortgages, constituted a major economic offense. The trial court further noted that several aggravating factors were present: (1) Harstad's victims were the multiple contributors to a retirement fund; (2) his four admitted thefts caused the substantial loss of $133,500; (3) his crimes involved a degree of sophistication and planning over a long period of time, during which he ignored repeated opportunities to desist; and (4) as a bank

president, Harstad abused his position of trust, confidence and fiduciary responsibility.

Under these circumstances, we affirm the trial court's upward sentencing departure of eight months as being well within the proper exercise of its discretion. *See State v. Wittig,* 343 N.W.2d 711 (Minn.Ct. App.1984) (upward departure of 30 months approved for major economic offense involving $55,000 theft of tax refunds).

### DECISION

Affirmed in part, and vacated in part.