**STATE of Minnesota, Respondent,**

v.

**Jay Kelsey WOLF, Appellant.**

**No. C4–87–946.**

Court of Appeals of Minnesota.

Oct. 13, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Steven Alpert, Rice County Atty., Faribault, for respondent.

C. Paul Jones, State Public Defender, Susan Andrews, Asst. State Public Defender, St. Paul, for appellant.

Heard, considered and decided by NORTON, P.J., and MULALLY and LOMMEN, JJ.*

## OPINION

A. PAUL LOMMEN, Judge.

Appellant Jay Kelsey Wolf was convicted of burglary in the third degree and aggravated criminal damage to property. He was sentenced to Guidelines sentences of 19 and 25 months and ordered to pay restitution in the amount of $998.29 and to reimburse Rice County for the costs of his defense. Appellant argues the trial court abused its discretion in ordering him to pay $998.29 in restitution, since counsel stipulated the victim's actual loss was only $400.00. Appellant further argues the trial court erred in ordering him to pay his public defender attorney fees without holding a hearing to determine his ability to pay. We affirm as to the restitution and

reverse and remand for a hearing on appellant's ability to pay his attorney fees.

## FACTS

On February 10, 1986, the Trinity Lutheran Church and School in Faribault, Minnesota was burglarized. During the burglary, two doors were kicked in and damaged beyond repair. The appellant was charged with the crime.

During appellant's trial, the prosecution and defense stipulated that if a church representative were called to testify, he would state that the church sustained a total of approximately $400 damages as a result of the break-in. The appellant was found guilty, and a presentence investigation was ordered. As part of the PSI, the church was asked to submit an itemized account of its loss as a result of the break-in. The Board of Trustees of the church submitted a figure of $998.29 as its loss. The PSI recommended that restitution be set in the amount of $998.29.

At sentencing, appellant's attorney objected to the amount of restitution proposed in the PSI and to any requirement that appellant pay attorney fees. The objection was based on appellant's recent release from prison and his indigency. The court ordered restitution in the amount of $998.29 and ordered appellant to pay the costs of his defense.

Following sentencing, appellant filed a motion pursuant to Minn.R.Crim.P. 27.03, subd. 9, challenging the restitution award and the requirement that he pay his own attorney fees. The motion was accompanied by an affidavit from the prosecutor in which the prosecutor stated that the restitution amount "should be $400 rather than the amount ordered by the Court" and stated that the church did not oppose the reduction. The prosecutor also stated he had no objection to vacation of the requirement that appellant pay his own attorney fees.

Following the motion, the court notified appellant that it wanted a stipulation from the church and the prosecutor indicating their support of the proposed reduction in

restitution. The prosecutor complied with this request.

Two months later, after the court indicated it was unwilling to reduce the restitution amount if $400 represented a compromise and not the church's actual loss, church officials were contacted again. The church secretary informed the court that it was the position of the Board of Trustees that $998.29 was already a compromise and that $400 did not represent the amount of loss.

On May 1, 1987, the court issued its order denying appellant's motion.

### ISSUES

1. Did the trial court abuse its discretion in refusing to lower the amount of a restitution award in excess of the amount stipulated to by the prosecutor as representing the victim's actual loss?

2. Did the trial court err in ordering appellant to pay his attorney fees without determining appellant's financial ability to pay?

### ANALYSIS

■ The amount of restitution in a given case is to be determined by the procedure set out in Minn.Stat. § 611A.045 (Supp. 1985). The statute states:

Subdivision 1. Criteria. The court, in determining whether to order restitution and the amount of the restitution, shall consider the amount of the economic loss sustained by the victim as a result of the offense.

If there is a dispute as to the amount owed, the dispute is to be resolved by the court by the preponderance of the evidence. The burden of proof is on the prosecutor to show the amount of loss sustained by the victim. Minn.Stat. § 611A.045, subd. 3. In the instant case the prosecutor stipulated that the victim's loss was $400. (At one point, the prosecutor added $100.00 to that figure for labor costs. At the time of appellant's motion, the figure was back at $400.) The court refused to accept the stipulation since the victim claimed a loss well in excess of that figure.

■ In imposing restitution, a trial court has broad discretion. State v. Olson, 381 N.W.2d 899, 900 (Minn.Ct.App.1986); State v. Muller, 358 N.W.2d 72, 76 (Minn.Ct.App. 1984). See also State v. Fader, 358 N.W.2d 42, 48 (Minn.1984). The statute requires the court to consider the amount of loss the victim has sustained. In determining the amount of loss suffered, the trial court should not be bound by a stipulation between the prosecution and the defense if the victim, who is not represented in the stipulation, disputes the stipulated amount. See Minn.Stat. § 611A.04, subd. 1 (1984) (victim of a crime has the right to request restitution and present a claim for a specific amount); Fader, 358 N.W.2d at 48 ("the word 'restitution' connotes restoring or compensating the victim for his loss").

An order of restitution, although awarded to a victim of a crime as part of the sentencing procedure, is treated as a civil judgment. Minn.Stat. § 611A.04, subd. 3 (Supp.1985) (order of restitution is docketed as a civil judgment and enforced by anyone named as a recipient in the same manner as a civil judgment). In determining the effect on the victim of the stipulation at issue here, the court should consider whether the church was represented by competent counsel, whether extensive and detailed negotiations occurred, whether the church agreed to the stipulation in open court, and whether, when questioned by the court, the church acknowledged understanding the terms of the stipulation and considered them fair and equitable. Pekarek v. Wilking, 380 N.W.2d 161, 163 (Minn.Ct.App. 1986).

In this case, the church was not represented at the sentencing hearing, was not involved in any negotiations, opposed the stipulation, and, when asked whether it considered the $400 figure fair and equitable, responded that it considered nothing less than $998.29 fair and equitable. Under these circumstances, it was not an abuse of discretion to refuse to accept the stipulated figure as an accurate assessment of the church's loss. It appears that the trial court was seeking to determine

actual loss suffered to comply with Minn. Stat. § 611A.045, subd. 1.

*Attorney Fees*

The court ordered that the appellant reimburse Rice County for the costs of his defense. Reimbursement for costs of public defender services is authorized by Minn. Stat. § 611.35, subd. 1 (1986). The statute provides, in relevant part:

> Any person who is represented by a public defender or appointive counsel shall, *if financially able to pay,* reimburse the governmental unit chargeable with the compensation of such public defender or appointive counsel for the actual costs to the governmental unit in providing the services of the public defender or appointive counsel. *The court in hearing such matter shall ascertain the amount of such costs to be charged to the defendant* and shall direct reimbursement over a period of not to exceed six months, unless the court for good cause shown shall extend the period of reimbursement.

*Id.* (emphasis added).

"The proper method for obtaining reimbursement for public defense services is for the trial court to afford a hearing on the financial ability to pay." *State v. Larson,* 374 N.W.2d 329, 331 (Minn.Ct.App. 1985). In the instant case, no hearing was held to determine appellant's financial ability to pay or the amount owed. This was error. The case is remanded for a hearing to determine the extent of appellant's obligation to pay attorney fees.

## DECISION

The trial court did not abuse its discretion in refusing to accept the figure stipulated to as the victim's loss. The trial court erred in not holding a hearing on appellant's ability to reimburse Rice County for his attorney fees.

Affirmed in part, reversed in part and remanded.