Larry FOSTER, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C2-87-718.

Court of Appeals of Minnesota.

Dec. 22, 1987.

**836**

Steven B. Taxman, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert J. Alfton, Minneapolis City Atty., Roger E. Battreall, Asst. City Atty., Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from an order denying the appellant's petition for postconviction relief. The appellant contends the trial court improperly conditioned probation on payment of attorney fees to the county. We remand.

## FACTS

Appellant Larry Foster was arrested on July 24, 1986, by Minneapolis police officers. He was arraigned the following day on charges of fifth degree assault and interviewed by Hennepin County personnel to determine whether he was eligible to be represented by a public defender. Although Foster was employed, the interviewer indicated in the records that Foster was unemployed and determined Foster was eligible to be represented by the public defender's office. The public defender's office apparently knew about Foster's employment status but failed to inform the court. Foster evidently was not informed that his employment status rendered him ineligible for representation by the public defender's office. A plea of not guilty was entered, the court set bail at $150, and a pretrial conference was set. Foster was released after posting bail.

Foster pleaded not guilty at the pretrial conference and a jury trial was set for October 29, 1986. On the day of the trial, the public defender and the city attorney agreed that the fifth degree assault charge would be reduced to disorderly conduct with a recommended $50 fine and a stayed workhouse sentence. According to the agreement, the trial court would determine the terms and conditions of probation. In reliance on the plea agreement, Foster entered a guilty plea to the reduced charge and was referred to court services for a presentence interview which revealed Foster's employment status.

The court noted Foster was not "indigent" and therefore not eligible for representation by the public defender's office. Foster was sentenced to a $50 fine (or five days in lieu thereof) and thirty days, plus a $5 surcharge. The thirty day sentence was stayed for one year on several conditions, one of which required Foster to "[p]ay $500.00 for attorneys fees to Hennepin County within 90 days."

Foster filed a petition for postconviction relief. Foster claims the court's imposition of attorney fees was improper and contends he did not mislead the court about his employment status and did not know he was ineligible for representation by the public defender's office. He also claims the obligation to pay attorney fees was imposed without consent or notice and that the amount of attorney fees was unreasonable.

Foster appeals from the order denying his petition for postconviction relief.

## ISSUES

Did the trial court err by making payment of attorney fees a term and condition of the appellant's probation?

## ANALYSIS

■ A trial court may order an individual to pay for services rendered by a public defender if the court determines the individual has the ability to pay for some or all of those services. *See* Minn.Stat. § 611.20 (1986). The courts also have the statutory authority to order reimbursement of public defender costs as a condition of probation. *See* Minn.Stat. § 611.35, subd. 1 (1986).

The public defender's office should have informed the court that Foster was not eligible to receive its services. *See* Minn. Stat. § 611.20. However, under the circumstances, the trial court could order Foster to reimburse the county for the costs of representation because Foster inadvertently received and benefited from the public defender's services and because the court has the statutory authority to order reimbursement as a condition of probation. *See* Minn.Stat. § 611.35, subd. 1.

The statute does not require notice to or consent of one represented by a public defender before the court may order reimbursement. *See* Minn.Stat. §§ 611.20, 611.-35, subd. 1; *see also State v. Sargent*, 355 N.W.2d 179, 181 (Minn.Ct.App.1984) (section 611.20 does not require that the defendant agree to reimburse the public defender fund); Minn.R.Crim.P. 5.02, subd. 5 ("The court may require a defendant, to the extent of his ability, to compensate the governmental unit charged with paying the expenses of appointed counsel.").

The proper procedure for obtaining reimbursement for public defender services requires the court to conduct a hearing on the defendant's financial ability to pay. *See State v. Larson*, 374 N.W.2d 329, 331–32 (Minn.Ct.App.1985); Minn.Stat.

§ 611.35, subd. 1. Upon finding that a defendant is financially able to pay all or some of the costs of the public defender, the trial court ordinarily should give the defendant the option to pay for the public defender or have the representation terminated. *See* Minn.Stat. § 611.20; *Larson*, 374 N.W.2d at 331.

Under the circumstances, it was not possible for the court to give Foster timely opportunity to have the public defender's representation terminated because the court did not actually become aware of Foster's employment status until sentencing, at which time termination of the public defender's services would have been untimely and impractical. Under the circumstances, the court may assess attorney fees against Foster "as the interests of justice may dictate" because Foster benefited from the public defender's representation.

■ Although the court may order Foster to reimburse the county for the cost of public defender representation, the court erred by failing to conduct a hearing to determine Foster's financial capability and the actual costs of the public defender's services. *See Larson*, 374 N.W.2d at 331 ("Pursuant to Minn.Stat. § 611.35, a hearing is required before a defendant can be made to reimburse the public defender."); *Sargent*, 355 N.W.2d at 181 (unless the defendant agrees to reimburse the public defender fund, the court must make findings pursuant to Minn.Stat. § 611.20); *see also* Minn.Stat. § 611.35, subd. 1 ("Any person who is represented by a public defender * * * shall, if financially able to pay, reimburse the governmental unit chargeable with the compensation of such public defender * * * for the *actual costs* to the governmental unit in providing the services of the public defender" (emphasis added)). Since the record does not indicate how the court determined the $500 amount in attorney fees assessed against Foster and it does not indicate whether the court made findings on Foster's ability to pay attorney fees, we remand for a hearing and further findings.

The State inadvertently argues this case under Minn.Stat. § 631.48, which allows tri-

al courts to assess the "disbursements of the prosecution" against convicted defendants. The State contends the trial court ordered Foster to pay attorney fees to the City of Minneapolis rather than Hennepin County. The record shows otherwise and clearly indicates that one of the conditions of probation was Foster's payment of "$500.00 for attorney fees to *Hennepin County* within 90 days." (emphasis added). Since Foster was represented by the Hennepin County Public Defender's Office and the record clearly shows the trial court conditioned Foster's probation on reimbursement payments to the public defender's office rather than payment of "disbursements of the prosecution," the State's arguments under Stat. § 631.48 are without merit.

### DECISION

The trial court could assess attorney fees against Foster as a condition of probation. However, the court erred by assessing attorney fees without first determining both Foster's ability to pay and the actual costs of the public defender's office in representing Foster. We remand for a hearing and further findings on Foster's ability to pay attorney fees and the actual cost of representation.

Remanded.