**STATE of Minnesota, Respondent,**

v.

**William Edwin MOZELEY, III, Appellant.**

**No. C0–89–1595.**

Court of Appeals of Minnesota.

Jan. 9, 1990.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, William H. Dolan, Meeker County Atty., Litchfield, for respondent.

C. Paul Jones, State Public Defender, Melissa Sheridan, Asst. Public Defender, St. Paul, for appellant.

Considered and decided by RANDALL, P.J., and PARKER and SCHUMACHER, JJ., without oral argument.

## OPINION

PARKER, Judge.

This appeal is from an order requiring appellant William Mozeley to make reimbursement for the costs of providing counsel for his defense. This court in an unpublished opinion affirmed Mozeley's convictions for attempted first-degree murder and conspiracy to commit first-degree murder, reversed a prior reimbursement order and remanded for the hearing required by Minn.Stat. § 611.35 (1988). We affirm in part, reverse in part, and remand.

## FACTS

Mozeley, a Michigan resident, was convicted of conspiring to murder a Litchfield businessman and attempting to murder the man's wife on May 13, 1987. Mozeley had met the couple's niece in Michigan and convinced her there was a Mafia-inspired contract out on her daughter which could be prevented only by the murder of her uncle. The niece, Jennifer Williams, testified that she gave Mozeley $7,500 in cash when he returned from Litchfield on May 14. Williams pled guilty to conspiracy to commit second-degree assault.

Mozeley was arrested in Kalamazoo, Michigan, on May 20, 1987, a week after the offense. When arrested, he had in his possession $1,506.58 in cash, which was seized and introduced into evidence. The state contended at trial that this was part of the payment Williams had made to him in furtherance of the conspiracy.

Mozeley initially retained an Indiana lawyer to represent him. However, the court allowed retained counsel to withdraw and appointed local counsel to represent Mozeley.

Following this court's remand, a hearing on reimbursement was held. The state presented the affidavit of a deputy court administrator stating that the money seized from Mozeley was still being held by the court and that counsel appointed to represent Mozeley had submitted a bill for $10,033.25.

Mozeley's caseworker testified that Mozeley had been working in Oak Park Heights but was transferred to Stillwater, where he was "temporarily unassigned" at the time of the hearing. He testified that Mozeley was expected to resume work within a month or two, either at a regular prison assignment (maximum pay $60 every two weeks), or at an incentive assignment ($223 maximum every two weeks).

Mozeley testified that he received $1 per hour at his last prison job and that he owed about $20,000 in personal debts, although he was not receiving bills in prison and none of the obligations had been reduced to judgment. Mozeley testified that his prison income was insufficient to meet personal expenses, requiring him to borrow money, and that he had only $75 in his prison account.

Following the hearing, the court issued an order requiring that the cash seized from Mozeley be paid to Meeker County and that Mozeley pay one-half of his prison wages in excess of $100 per month toward reimbursement. The court found that $117.12 had already been paid to the county out of Mozeley's prison account.

ISSUE

Did the trial court abuse its discretion in ordering reimbursement?

ANALYSIS

Mozeley contends the trial court abused its discretion in ordering any reimbursement, either from the cash seized or from Mozeley's prison wages.

Minn.Stat. § 611.35, subd. 1 (1988), provides in part:

Any person who is represented by a public defender or appointive counsel shall, *if financially able to pay*, reimburse the governmental unit chargeable with the compensation of such public defender or appointive counsel for the actual costs to the governmental unit in providing the services of the public defender or appointive counsel. The court in hearing such matter shall ascertain the amount of such costs to be charged to the defendant and *shall direct reimbursement over a period of not to exceed six months, unless the court for good cause shown shall extend the period of reimbursement.*

This statute has not been judicially construed, beyond the preliminary holding that a hearing must be held on the actual costs of counsel and the defendant's ability to pay. *See State v. Hayes*, 428 N.W.2d 871, 875 (Minn.Ct.App.1988), *affirmed*, 431 N.W.2d 533 (Minn.1988); *Foster v. State*, 416 N.W.2d 835, 837 (Minn.Ct.App.1987).

Minn.Stat. § 611.35 does not define "financially able to pay." *Cf.* Minn.R.Crim.P. 5.02, subd. 1; 5.02, subd. 3 (counsel is to be appointed if defendant is "financially unable to obtain adequate representation without substantial hardship for himself or his family"). In light of the particular sources of reimbursement in this case, one appropriate and one not, we need not reach this general issue.

Mozeley makes no cogent argument against his ability to pay the $1,500 cash seized from him for reimbursement, and his counsel at the hearing conceded this issue. The reimbursement statute, which provides for an immediate civil ac-

tion if seizable assets may be lost, Minn. Stat. § 611.35, subd. 2, plainly contemplates satisfying a defendant's reimbursement obligation out of physical assets. Moreover, Mozeley's cash assets were, by all appearances, "contraband" subject to forfeiture. *See* Minn.Stat. § 609.531, subd. 1 (1988). The money was seized from Mozeley six days after he received it from Jennifer Williams as payment for the attempted murder in Litchfield. The statute provides that "property acquired during or after the commission of the designated offense shall be presumed to be proceeds" derived from the offense. Minn.Stat. § 609.531, subd. 2(b) (1988).

Although the state should have brought a civil action to obtain forfeiture of the cash, *see* Minn.Stat. § 609.531, subd. 6(a), Mozeley has had ample opportunity to show it was non-contraband to which he was entitled. Williams would have no right to the money because she was privy to the offense. Minn.Stat. § 609.531, subd. 2(a)(1), (4). Finally, Mozeley did not show he had pressing, present financial obligations making him unable to forego the cash seized, assuming him to be entitled to it. *Cf.* Minn.Stat. § 609.531, subd. 6(c)(3) (personal debts are considered in a forfeiture proceeding only if they have resulted in liens on the seized property).

■ The trial court found that Mozeley had no present ability to make reimbursement out of prison wages, but should in the future pay one-half of his income in excess of $100 per month. Disbursement of prison wages is strictly limited by statute. *See* Minn.Stat. §§ 243.23, subd. 3; 243.24 (1988).

Minn.Stat. § 243.24, subd. 1 (1988), provides:

Any money arising under section 243.23 shall be and remain under the control of the commissioner of corrections and shall be for the *sole benefit of the inmate, unless by special order of the commissioner of corrections it shall be used as designed in section 243.23, subdivision 3,* or for rendering assistance to the inmate's family or dependent relatives * * *.

(Emphasis added). Minn.Stat. § 243.23, subd. 3, specifies for what purposes inmate wages may be paid out. Public defender reimbursement is not among the exceptions listed, and there is no order from the commissioner authorizing payment from Mozeley's prison account.

Although prison wages may be deducted to pay court-ordered restitution, *id.,* unlike public defender reimbursement, restitution does not depend on an offender's ability to pay. *See* Minn.Stat. § 611A.045 (1988) (court is to consider "the amount of the economic loss sustained by the victim"); *see also State v. Fader,* 358 N.W.2d 42, 48 (Minn.1984) (restitution is intended to restore the victim or compensate for loss). Minn.Stat. ch. 243 does not reflect any legislative judgment that prison wages make an offender "financially able to pay" reimbursement. Moreover, the statutory requirement of an order of the commissioner reflects the importance of incentive job assignments and their increased compensation as a tool of prison management which should not be vulnerable to every type of financial obligation.

The reimbursement statute itself supports the conclusion that public defender reimbursement may not be ordered out of prison wages. The statute provides that reimbursement should be ordered over a period not exceeding six months, and no action can be taken more than two years after the representation has ended. Minn. Stat. § 611.35, subds. 1, 2. If the legislature had intended to allow prison wages to be reached for this purpose, it would surely have extended reimbursement over a period commensurate with the length of prison terms commonly served.

## DECISION

The trial court did not abuse its discretion in ordering reimbursement out of the cash seized from appellant. However, the court had no discretion to order reimbursement out of prison wages. We remand for an order refunding the $117.12 already paid out of appellant's prison account.

Affirmed in part, reversed in part, and remanded.