**STATE of Minnesota, Respondent,**

v.

**Rodney Theodore JOLA,
Appellant, (C5–87–244),**

**Joseph Francis Sopp, Appellant
(C7–87–245).**

Nos. C5–87–244, C7–87–245.

Court of Appeals of Minnesota.

July 7, 1987.

John E. DeSanto, Asst. St. Louis Co. Atty., Duluth, for respondent.

John M. Colosimo, Greenberg, Colosimo & Patchin, Virginia, John M. Colosimo, for appellants.

Heard, considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Rodney Jola and Joseph Sopp appeal a sentence including restitution of approximately $40,000 for receiving stolen goods. We affirm.

## FACTS

Sopp and Jola entered a plea of guilty to a charge of receiving a stolen truck belonging to Boyer Ford valued at $46,000. They purchased the truck from Andrew "Nonny" Horoshak for approximately $8,000 to $10,000 plus $5,000 to $7,000 worth of work. Horoshak was charged with receipt, possession, concealment and transfer of the same truck.

When they entered their pleas, Jola indicated he knew the truck was worth $39,000 and Sopp indicated he knew the truck was worth at least $46,000. Boyer's insurance company paid $38,050.37 and Boyer claimed an additional $2,868.73 not covered by insurance for a total loss of $40,919.10.

The trial judge made Sopp and Jola jointly and severally liable for the entire amount of restitution. He also sentenced Horoshak, who is not a party to this appeal, to pay restitution for the truck.

## ISSUE

Was the restitution ordered within the discretion of the trial court?

## ANALYSIS

The judge's sentence including restitution was made pursuant to Minn.Stat. § 609.10(5) which provides:

Upon conviction of a felony and compliance with the other provisions of this chapter the court, if it imposes sentence, may sentence the defendant to the extent authorized by law as follows:

> \* \* \* \* \* \*

(5) To payment of court-ordered restitution in addition to either imprisonment or payment of a fine, or both.

Minn.Stat. § 609.135, subd. 1 (1984) allows the court to stay imposition or execution of sentence and order probation on terms imposed by the court, including "noninstitutional sanctions."

[T]he term "noninstitutional sanctions" includes but is not limited to restitution, \* \* \*.

*Id.*

There is a statutory preference for such sanctions.

Subd. 6 Preference for noninstitutional sanctions. A court staying imposition or execution of a sentence that does not include a term of incarceration as a condition of the stay shall order noninstitutional sanctions where practicable.

Minn.Stat. § 609.135, subd. 6 (1984).

■ In this case restitution would be made to an insurance company and/or the car dealership. Jola and Sopp argue that restitution cannot be imposed because restitution can only be ordered paid to persons. They rely on Minn.Stat. § 611A.04 which gives a *crime victim* the right to *request* restitution. The section is entitled "Victim's Right to Request Restitution," and only a "natural person" can request this type of relief. *See* Minn.Stat.

§ 611A.01(b). It is clear that the purpose of the legislation is to provide a victim with economic recovery. A non-person is excluded presumably because "non-persons" such as insurance companies have adequate resources to obtain a civil judgment for economic losses. Chapter 611A deals with rights of victims to request restitution and has no effect on the court's ability to order restitution to a company under Chapter 609.

■ Minn.Stat. § 609.115, subd. 1b, requires that the interest of the victim, as defined in Minn.Stat. § 611A.01, be part of the presentence investigation, obviously to protect the right of the victim. It does not in any way limit the court's authority to order restitution to victims other than natural persons.

■ Jola and Sopp contend that restitution should not be awarded because Boyer Ford was reimbursed by the insurance company which in turn suffered no loss because it was obligated to pay losses in return for accepting premiums and probably showed a profit at the end of the year. Thus no one suffered economic loss. Ingenious but specious. The fact of the matter is the insurer paid out in excess of $38,000. That is an economic loss.

■ Jola and Sopp also argue that they did not steal the truck but only received it, and therefore should not be required to pay restitution because restitution should be imposed only for losses caused by the offense for which a defendant was convicted. *See People v. Blaney,* 139 Mich.App. 694, 363 N.W.2d 13 (1984). However,

[W]here the victim's losses are directly caused by appellant's conduct for which he was convicted there is nothing improper in ordering restitution.

*State v. Olson,* 381 N.W.2d 899, 901 (Minn. Ct.App.1986). Jola and Sopp were convicted of possession of a stolen truck. Their possession of this truck for over a year, and the dismantling and distribution of its parts directly contributed to the loss.

■ The trial court did not abuse its broad discretion, *see id.* at 900, in setting restitution for Sopp and Jola at approximately $40,000.00 when the value of the truck had been established at approximate-

ly that figure by not only the owner but by Jola and Sopp themselves.

The trial court sentenced all three men involved (Horoshak, Sopp and Jola) to be "jointly and severally" liable for the entire amount. Sopp and Jola argue that they should receive a reduction in restitution because they have already paid approximately $8,000 in cash and $6,000 to $7,000 in services to "Nonny" Horoshak for the truck. However, because they all contributed to the criminal result, the court wanted all of them responsible to assure the victims were made whole.

■ Even though the prosecutor had no objection to decreasing Sopp and Jola's restitution amount by the $8,000 in cash paid to Horoshak, and the trial court was aware of that, the court did not order a decrease. Since we find no error or abuse of discretion in imposing the restitution, we cannot modify it even though the State, on appeal, again indicated no objection to a reduction.

Sola and Jopp finally argue that they should not be required to pay restitution because no specific findings were made on their ability to pay and restitution should not be punitive. The purpose of restitution is to compensate the victim and not rehabilitate the defendant. *See State v. Fader*, 358 N.W.2d 42, 48 (Minn.1984).

■ Sopp and Jola are relatively young men in apparently good health and employed. The trial court recognized possible hardship by indicating,

> if you are financially unable to, the Court will deal with that situation at that time.

Restitution is practicable and an adjustment may be made if it becomes impracticable. *See* Minn.Stat. § 609.135, subd. 1 (1984).

### DECISION

The trial court did not abuse its discretion in ordering restitution. The amount is adequately supported by the record.

Affirmed.