**STATE of Minnesota, Respondent,**

v.

**Corky Joe MAURER, Appellant.**

**No. C3–91–1994.**

Supreme Court of Minnesota.

Nov. 6, 1992.

Rehearing Denied Dec. 3, 1992.

John M. Stuart, State Public Defender, Scott G. Swanson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Margaret H. Chutich, Asst. Atty. Gen., St. Paul, for respondent.

WAHL, Justice.

We granted review in this case for the limited purpose of addressing the issue of whether the trial court committed prejudicial error in allowing the prosecutor to elicit testimony from several state's witnesses that complainant in this rape prosecution appeared to be "sincere" when she told the witnesses that she had been raped by defendant.

 We agree with the court of appeals' conclusion that the trial court erred in admitting the testimony in question. *State v. Maurer*, 488 N.W.2d 834 (Minn. App.1992). Generally, it is objectionable for the state on direct to elicit any opinion evidence as to the truthful character of a complainant in a rape prosecution such as this. *State v. Fader*, 358 N.W.2d 42, 47 (Minn.1984). It is not objectionable for the defense to elicit opinion evidence as to the complainant's lack of character for truthfulness, but it is objectionable for the defense to elicit direct opinion testimony on the specific question of whether the complainant is telling the truth in his or her testimony. Minn.R.Evid. 608(a). Once the defense has attacked the complainant's character, then it is not objectionable for the prosecutor to elicit general opinion testimony as to the victim's truthful character. *Id.*[1]

While we agree that the evidence was erroneously admitted, we disagree with the court of appeals' conclusion that the error was prejudicial error in this case. As we said in *State v. Caron*, 300 Minn. 123, 127, 218 N.W.2d 197, 200 (1974), "the more serious the [error], the more certain of its effect this court has felt that it should be before labeling the error harmless." The witnesses' opinion that complainant was "sincere" when she said she had been raped in this case was what one would expect the witnesses to say, and was un-

likely to have been given much, if any, weight by the jury. Apparently, too, this was the judgment of the experienced trial judge. Under the circumstances, and taking into account the other evidence, we conclude that the error in admitting the evidence in question did not likely play a significant role in persuading the jury to convict. Accordingly, the error was harmless.

Reversed and judgment of conviction reinstated.

---

1. In certain cases it may be proper for the prosecutor to elicit opinion testimony, expert or otherwise, on the specific issue of whether the complainant's testimony is truthful if the defense "opens the door" to such evidence. *See, e.g., State v. Myers*, 359 N.W.2d 604, 611–12 (Minn.1984).