STATE of Minnesota, Respondent,

v.

John Michael HANNINEN, Harriet
Ebert Hanninen, Appellants.

Nos. CO–94–1742, C2–94–1743.

Court of Appeals of Minnesota.

July 3, 1995.

David E. Albright, Bloomington, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., Marcy S. Crain, Asst. County Atty., Anoka, for respondent.

Considered and decided by SHORT, P.J., and AMUNDSON, and SCHULTZ,* JJ.

## OPINION

AMUNDSON, Judge.

In consolidated appeals, appellants challenge their judgments of conviction and sentences for unreasonable restraint of a child, arguing that the trial court abused its discretion in excluding the testimony of a psychologist and in ordering restitution. We affirm in part, reverse in part and remand.

## FACTS

Appellants John and Harriet Hanninen were charged with false imprisonment (unreasonable restraint of a child) and malicious punishment of a child. The state alleged that the Hanninens restrained their 14–year-old son M.J.H. with a cable nearly every day from July 1992 until school started in September 1992. The state also charged that the Hanninens committed malicious punishment by tying a string around the refrigerator, and padlocking it, to deny the children access to food while the Hanninens were gone.

The Hanninens had three other children in addition to M.J.H.: a 16–year–old daughter, a 10–year–old son, and a 7–year–old daughter. The state presented testimony that the Hanninens restrained M.J.H. with the cable after he persisted in leaving the house when he was left home in charge of the two younger children. This occurred four days a week when they drove the oldest child to gymnastics practice.

The children's testimony varied on the frequency of this restraint, and how long M.J.H. was restrained. Defense counsel conceded in his opening statement that the Hanninens did restrain M.J.H. with the cable, but only occasionally, for a couple of hours at a time.

The state made a motion in limine to prevent defense counsel from mentioning in his opening statement a report prepared by a psychologist, Dr. Van Siclen, for a child in need of protection or services (CHIPS) pro-

ceeding involving M.J.H. Defense counsel later made an offer of proof that Dr. Van Siclen would testify about M.J.H.'s stated hatred for his mother. He would also testify that M.J.H. said he had set his parents up to get them in trouble and to make himself the victim. The prosecutor argued that Dr. Van Siclen's proposed testimony was covered by a medical privilege. The trial court agreed and excluded the testimony.

The jury found the Hanninens guilty of unreasonably restraining M.J.H., but acquitted them of malicious punishment of a child. The trial court sentenced the Hanninens to one year in jail, with all but 42 days stayed, and to pay a fine or perform community service. The court ordered the Hanninens to pay restitution to Anoka County for the costs of foster care within two years. No amount of restitution was determined. This appeal followed.

## ISSUES

1. Did the trial court abuse its discretion in excluding defense evidence?

2. Did the trial court abuse its discretion in ordering restitution?

## ANALYSIS

### I. *Psychologist's Proposed Testimony*

The Hanninens argue that the trial court abused its discretion in excluding the proposed testimony of Dr. Van Siclen. They argue that this ruling denied them their constitutional right to present evidence.

■ Evidentiary rulings rest in the discretion of the trial judge and will not be reversed absent a clear abuse of discretion. *State v. Kroshus*, 447 N.W.2d 203, 204 (Minn. App.1989), *pet. for rev. denied* (Minn. Dec. 20, 1989). Although a defendant has the right to present evidence in his own defense, he does not have a right to introduce evidence that is privileged, irrelevant or otherwise inadmissible. *Taylor v. Illinois*, 484

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

U.S. 400, 410, 108 S.Ct. 646, 653, 98 L.Ed.2d 798 (1988).

■ The defendant's right to present evidence and to cross-examine witnesses may in some cases outweigh a privilege. *See Davis v. Alaska*, 415 U.S. 308, 320, 94 S.Ct. 1105, 1112, 39 L.Ed.2d 347 (1974) (confidentiality of juvenile records outweighed by defendant's right to cross-examine the witness who identified him as the perpetrator of the crime); *State v. Hembd*, 305 Minn. 120, 127, 232 N.W.2d 872, 876 (1975) (defendant's right to impeach complainant outweighed medical privilege). But the probative value of the privileged evidence must first be considered. *See Davis*, 415 U.S. at 319, 94 S.Ct. at 1112 (right of confrontation prevailed because evidence could have caused serious damage to state's case). The Hanninens do not dispute that Dr. Van Siclen's testimony is subject to the psychologist-patient privilege. *See* Minn. Stat. § 595.02, subd. 1(g) (1994).

The defense, in seeking to call Dr. Van Siclen, sought to show that M.J.H. hated his mother and that that hatred was strong enough to cause him to exaggerate the extent of the restraint. But M.J.H.'s brother testified that M.J.H. had said that he wished he had a gun so he could kill his mother. The Hanninens did not deny they restrained M.J.H. with the cable at certain times. The other Hanninen children gave their estimates of the frequency and duration of the restraint. The estimate of each child indicated that the restraint was less frequent and for shorter periods than M.J.H. testified.

The state was required to prove that the Hanninens' restraint of M.J.H. was "unreasonable." Minn.Stat. § 609.255, subd. 3 (1992). But the defense elicited through other witnesses both M.J.H.'s feelings toward his mother and the possible exaggeration in his testimony. Thus, we conclude that it was within the trial court's discretion to find that Dr. Van Siclen's testimony was not so probative on this issue that it outweighed the statutory privilege involved.

## II. *Restitution*

The Hanninens contend that the trial court abused its discretion in ordering restitution.

The trial court ordered the defendants to pay restitution for the cost of foster care incurred by Anoka County for all the Hanninen children. No specific amount of restitution was determined at sentencing.

■ The trial court has wide discretion in ordering reasonable restitution. *State v. O'Brien*, 459 N.W.2d 131, 133 (Minn.App. 1990). The record must provide a factual basis for an award of restitution. *See State v. Fader*, 358 N.W.2d 42, 48 (Minn.1984). The state has the burden of establishing by a preponderance of the evidence the amount of the loss sustained as a result of the offense. Minn.Stat. § 611A.045, subd. 3 (1994).

■ Because no specific amount of restitution has been set, at least on the record available to this court, we cannot determine whether that standard is met. Neither the sentencing transcript nor the warrant of commitment indicates the amount of restitution or the length of time for which the Hanninens are obligated to pay foster care costs. Such an open-ended restitution order, apparently requiring payment of foster care costs for an undefined period, does not serve the rehabilitative purposes of restitution. *See generally Kelly v. Robinson*, 479 U.S. 36, 53, 107 S.Ct. 353, 362, 93 L.Ed.2d 216 (1986) (restitution operates primarily to rehabilitate and punish the offender).

■ Courts must be specific in defining the terms of restitution. Otherwise, we risk making restitution appear to be "a judgment that can never be satisfied." *State v. Maidi*, 520 N.W.2d 414, 420–21 (Minn.App.1994) (Amundson, J., concurring in part, dissenting in part), *pet. for rev. granted* (Minn. Sept. 28, 1994). The futility of ordering overwhelming restitution is most apparent in this case. Not only is the amount unspecified, but, for all that the trial court record discloses, the Hanninen children may still be in foster care adding additional amounts to the restitution obligation. We note that the Hanninens may have little or no means of ending the foster care arrangement or controlling its cost, which they have been ordered to pay as restitution.

Accordingly, we reverse and remand the restitution order. The trial court on remand shall specify an amount of restitution that is reasonable, considering the Hanninens' abili-

ty to pay. *See* Minn.Stat. § 611A.045, subd. 1(2). The court should ensure that restitution does not duplicate whatever civil liability the Hanninens may have. Finally, because the trial court record does not include any information on the CHIPS proceeding, we must remand the issue of whether the foster care costs were sustained as a direct result of the criminal offense, the unreasonable restraint of M.J.H. *See State v. Olson,* 381 N.W.2d 899, 901 (Minn.App.1986) (restitution is proper where victim's losses are directly caused by appellant's conduct).

## DECISION

The trial court did not abuse its discretion in excluding evidence covered by the psychologist-patient privilege. The court abused its discretion in ordering restitution without specifying the amount of appellants' obligation.

**Affirmed in part, reversed in part and remanded.**