*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2156**

Peter Loren Martel, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 13, 2015
Affirmed
Rodenberg, Judge**

Beltrami County District Court
File No. 04-CR-13-83

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn Lockwood, Assistant Public Defender, Connor Chapman (certified student attorney), St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Annie P. Claesson-Huseby, Beltrami County Attorney, Katherine D. Galler, Assistant County Attorney, Bemidji, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Rodenberg, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant challenges the district court's award of restitution for medical expenses incurred by the victim of his indecent exposure, arguing that the expenses were not medically necessary and not directly caused by appellant's crime. We affirm.

**FACTS**

In January 2013, appellant Peter Martell exposed his partially-erect penis to A.V., a high school acquaintance of appellant's, at A.V.'s workplace. Appellant was charged with and convicted of misdemeanor indecent exposure, in violation of Minn. Stat. § 617.23, subd. 1(1) (2012).

After the incident, A.V. had problems that seemed to result from appellant's crime, including anxiety and diarrhea. Her doctor ordered a colonoscopy to determine if A.V.'s diarrhea had an organic cause. The colonoscopy was "unremarkable," suggesting that A.V.'s symptoms were in fact caused by the anxiety she had about appellant's crime. Before the sentencing hearing, A.V. submitted documents supporting her request for $2,353.84 in restitution arising from the colonoscopy procedure.

At sentencing, a victim's advocate read A.V.'s victim impact statement. A.V. stated that she "used to feel comfortable at [her] workplace, but not anymore" and that she did "not feel comfortable around male customers at work." Additionally, A.V. "spent a lot of time wondering if I am the first victim of this man, or one of many." A.V. had "taken time off work to go to the doctor multiple times . . . been tested and diagnosed with anxiety . . . [and] incurred medical expenses." She requested restitution for her

medical expenses. The district court sentenced appellant, including a restitution obligation, and set a separate hearing for arguments concerning the amount of restitution.

Before the restitution hearing, appellant filed an affidavit challenging the propriety of a restitution award for the colonoscopy expenses. He argued that there was "no basis or support" for the restitution, that the request does not "specify any reason justifying certain amounts of restitution claimed," and that "the request for restitution does not adequately identify how, what, when, or why the restitution request is made for the amount requested."

At the restitution hearing, the state rested on the restitution certificate form and accompanying exhibits, which included a letter from appellant's doctor to the district court. The doctor's letter stated:

> [A.V.] is a patient of mine. She was significantly traumatized by an event of indecent exposure. Shortly after that, she developed some significant diarrhea. It would seem to be exacerbated anytime there is some involvement with this court case. She ended up needing a colonoscopy which fortunately was found to be unremarkable, therefore, even more so contributing to the fact that the stress and anxiety of the assailant [*sic*] had caused had caused [*sic*] her symptoms.

Appellant's counsel offered no additional affidavits, exhibits, testimony or evidence. The district court ordered restitution in the full amount requested by A.V., stating that there could "be no argument that her diarrhea was a physical manifestation of the distress she suffered as a result of that assault." The district court stated that "A.V.'s diarrhea was a direct result of [appellant's] actions" and "A.V.'s decision to follow her doctor's

3

recommendation for a colonoscopy was reasonable and appropriate under the circumstances."

Appellant subsequently moved the district court to modify his sentence. Appellant sought to introduce information related to diarrhea and colonoscopies as part of this motion. The district court construed the motion as one for postconviction relief, denied the motion, and affirmed its earlier restitution award. This appeal followed.

## D E C I S I O N

Appellant raises two arguments to support his position that the restitution order should be reversed and vacated. He first argues that there was insufficient evidence to prove that appellant's colonoscopy, ordered due to her diarrhea symptoms, was a direct result of the offense he committed. He also argues that there was insufficient evidence to prove that the colonoscopy was necessary and compensable.

Crime victims have a "right to receive restitution as part of the disposition of a criminal charge." Minn. Stat. § 611A.04, subd. 1(a) (2012). They "are entitled to restitution for losses they incur from the crime." *State v. Miller*, 842 N.W.2d 474, 477 (Minn. App. 2014), *review denied* (Minn. Apr. 15, 2014).

District courts have significant discretion in awarding restitution. *State v. Tenerelli*, 598 N.W.2d 668, 671 (Minn. 1999). We review the district court's restitution determination for an abuse of its discretion. *Id.* at 672. However, whether an item is compensable under the restitution statute is a legal question we review de novo. *State v. Ramsay*, 789 N.W.2d 513, 517 (Minn. App. 2010).

4

The district court record "must provide a factual basis for [a restitution] award." *State v. Keehn*, 554 N.W.2d 405, 408 (Minn. App. 1996), *review denied* (Minn. Dec. 17, 1996). The state must prove by a preponderance of the evidence that "the amount of loss sustained by a victim [is] a result of the offense" and a particular expense's "appropriateness." Minn. Stat. § 611A.045, subd. 3(a) (2012). In challenging a restitution award, a convicted defendant has a burden of production that "must include a detailed sworn affidavit of the offender setting forth all challenges to the restitution or items of restitution, and specifying all reasons justifying dollar amounts of restitution which differ from the amounts requested by the victim or victims." *Id.*

The restitution statute's "broad language gives the [district] court significant discretion to award restitution for a victim's expenses," *Tenerelli*, 598 N.W.2d at 671, and provides that an award includes, "but is not limited to, any out-of-pocket losses resulting from the crime," Minn. Stat. § 611A.04, subd. 1(a). Restitution can be awarded "only for losses the defendant directly caused by the conduct that led to his conviction." *Miller*, 842 N.W.2d at 477 (quotation omitted). Restitution requests "must describe the items or elements of loss, itemize the total dollar amounts of restitution claimed, and specify the reasons justifying these amounts." Minn. Stat. § 611A.04, subd. 1(a). The primary purpose of restitution is "to compensate the crime victim for losses by restoring the victim's original financial condition." *State v. Maxwell*, 802 N.W.2d 849, 852 (Minn. App. 2011), *review denied* (Minn. Oct. 26, 2011).

Here, the state was required to prove that A.V.'s colonoscopy was more likely than not caused by appellant's behavior and was required to prove the amount of the

restitution. *See* Minn. Stat. § 611A.04, subd. 1(a) (stating losses include "medical and therapy costs"); Minn. Stat. § 611A.045, subd. 3(a) (stating "the proper amount or type of restitution must be resolved by the court by the preponderance of the evidence"); *State v. Fader*, 358 N.W.2d 42, 48 (Minn. 1984) (stating loss to a sexual assault victim "would include the cost of necessary treatment and related expenses").

Appellant mischaracterizes the holding in *Fader*, as supporting the proposition that "[m]edical treatment and related expenses can be claimed under restitution only when necessary." In *Fader*, the supreme court observed that victims of sexual assault may have losses "difficult to quantify" and followed this observation by stating "[i]t would include the cost of necessary treatment and related expenses, but beyond that, one gets into the realm of speculation." 358 N.W.2d at 48. *Fader* does not stand for the proposition that only necessary treatment and expenses are compensable under the statute for any victim. Minnesota courts have permitted restitution for damages suffered by victims in a wide variety of situations, including awards for expenses beyond strictly necessary medical expenses. *See, e.g., State v. Rodriguez*, ___ N.W.2d ___, 2015 WL 2185004, at *5 (Minn. App. May 11, 2015) (stating that because the victim suffered psychological trauma as a result of the offense, and moving expenses were directly linked to that trauma, it was within the district court's discretion to award restitution for those expenses); *Tenerelli*, 598 N.W.2d at 672 (affirming restitution awarded for a Hmong Hu Plig healing ceremony); *State v. Maidi*, 537 N.W.2d 280, 285 (Minn. 1995) (concluding that expenses relating to counter-abduction operation was compensable as restitution); *Keehn*, 554 N.W.2d at 408-09 (affirming award to Department of Human Services, as an

6

insurer, for expenses incurred when providing the victim's child with psychological services and counseling).

The district court concluded that the letter from A.V.'s doctor demonstrates that "A.V.'s diarrhea was a direct result of [appellant's] actions" and "A.V.'s decision to follow her doctor's recommendation for a colonoscopy was reasonable and appropriate under the circumstances." Appellant offered no evidence to support his arguments.[1]

There is ample evidence in the record to support the district court's restitution award. The record supports a conclusion that appellant's conduct was more likely than not the direct cause for A.V.'s symptoms, which in turn necessitated a diagnostic procedure to determine the source of her symptoms and her treatment.

Appellant correctly notes that the doctor's letter does not explicitly state that A.V.'s symptoms were directly caused by appellant's conduct. But a common-sense reading of that letter makes evident that the "unremarkable" results of the colonoscopy support the conclusion that A.V.'s diarrhea symptoms were more likely than not caused by appellant's crime. The procedure ruled out organic causes for A.V.'s symptoms. The district court was well within its broad discretion in drawing the reasonable inference that the cause of the colonoscopy expense was appellant's crime (and not some other medical condition that would have been discovered by the colonoscopy). Because the colonoscopy was reasonably required to determine the cause of A.V.'s symptoms and the

---

[1] In the postconviction order denying vacation of the restitution award, the district court observed that information appellant submitted with his postconviction petition constituted an improper attempt to supplement the record with additional information that was not in the record at the time of sentencing.

7

potential treatment, and because crime victims are entitled to restitution for costs they incurred because of a crime, *Miller*, 842 N.W.2d at 477, the district court did not err in concluding that the costs of A.V.'s colonoscopy were appropriately included as restitution in appellant's sentence. *See also State v. Palubicki*, 727 N.W.2d 662 (Minn 2007) (holding that the district court did not abuse its discretion in ordering restitution to a murder victim's adult children for their personal expenses resulting from the murder, including expenses for their voluntary attendance at the trial).

Appellant also argues that the colonoscopy is "too attenuated" to be a direct result of appellant's criminal conduct, and that it is not the sort of procedure or expense typically resulting from indecent exposure. The colonoscopy procedure was intended to rule out other possible causes of A.V.'s symptoms. A.V.'s doctor stated that her symptoms started after appellant's crime and were exacerbated whenever there was "some involvement with this court case." The restitution statute explicitly provides that medical expenses are properly compensable costs for crime victims, stating that "restitution may include, but is not limited to, any out-of-pocket losses resulting from the crime, *including medical . . . costs*." Minn. Stat. § 611A.04, subd. 1(a) (emphasis added). It is undisputed that the cost of the colonoscopy was $2,353.84. While a colonoscopy may not be a medical test typically required for victims in indecent exposure cases, the particular facts before us are that A.V. was "significantly traumatized" by the incident and she suffered from "significant diarrhea." Her doctor also stated that she "ended up needing a colonoscopy" to rule out other causes of the diarrhea. The particular facts of this case establish a link between the crime and A.V.'s medical procedure and resulting

expenses. Moreover, the goal of restitution is to restore the victim to her "original financial condition" had the incident not occurred. *Maxwell*, 802 N.W.2d at 852. The district court's restitution award served that purpose.

We conclude that the district court did not abuse its discretion in awarding restitution for the costs of A.V.'s colonoscopy. Because A.V. suffered trauma resulting in "significant diarrhea" as a result of appellant's criminal conduct, and the cost of this procedure was directly linked to ruling out other diseases as the source of A.V.'s symptoms, we conclude that the district court acted within its discretion in awarding restitution of $2,353.84.

**Affirmed.**