*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1242**

State of Minnesota,
Respondent,

vs.

William Heminchi Underhill,
Appellant.

**Filed June 27, 2016
Affirmed
Reilly, Judge**

Scott County District Court
File Nos. 70-CR-14-5774, 70-CR-14-8297

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Bradford Colbert, Legal Assistance To Minnesota Prisoners, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Reilly, Judge; and Jesson, Judge.

## UNPUBLISHED OPINION

**REILLY**, Judge

Pursuant to a plea bargain on consolidated files, appellant pleaded guilty to burglary in the first degree, Minn. Stat. § 609.582, subd. 1(b), and aiding and abetting attempted

intentional murder in the second degree, Minn. Stat. § 609.19, subd. 1(b). Appellant challenges (1) his 108-month sentence, arguing it should be remanded for resentencing because it is not commensurate with his "equally culpable" codefendants and (2) the order imposing $51,797.49 in restitution, arguing the district court erred by failing to consider his ability to pay. Because the district court did not abuse its discretion in sentencing and did not err in imposing restitution, we affirm.

**FACTS**

In February 2014, appellant William Heminchi Underhill burglarized a home in Scott County with A.K. Appellant entered through a sliding glass door and, although he did not have a weapon with him when he entered, stole firearms from the home. Based on these events (hereafter the burglary), appellant was charged with burglary in the first degree while in possession of a dangerous weapon, Minn. Stat. § 609.582, subd. 1(b), and burglary in the second degree, Minn. Stat. § 609.582, subd. 2(a)(1).

A few months later appellant conspired to burglarize a different home in Scott County with three other individuals, codefendants E.M., I.B., and M.N. The home was targeted because E.M. had a previous relationship with the homeowners. In the early morning hours, they approached the home and appellant took a "planter" that was sitting outside of the home and threw it through a large glass window to enter the residence. Appellant, I.B., and M.N. went inside the home, and E.M. remained outside. I.B. brought a loaded firearm. The home was occupied by two adult homeowners, B.D.R. and B.M.R. Appellant entered the master bedroom and encountered B.D.R. Shortly thereafter I.B. shot his firearm four times at B.D.R. but missed each time. Based on these events (hereafter

2

the attempted murder) appellant was charged with one count of aiding and abetting attempted intentional murder in the second degree, Minn. Stat. §§ 609.19, subd. 1(1), 609.17 subd. 1, and four other felony counts of aiding and abetting first-degree burglary and aiding and abetting second-degree assault.

The court consolidated the files from the burglary and the attempted murder and the parties reached a plea agreement resolving all charges against appellant.[1] Pursuant to the agreement appellant pleaded guilty to aiding and abetting attempted intentional murder in the second degree, and the state sought a 108-month sentence and restitution. A 108-month sentence is a downward durational departure. *See* Minn. Sent. Guidelines IV.A (2015). Appellant also pleaded guilty to burglary in the first degree while possessing a dangerous weapon. The state sought a 58-month sentence to run concurrent with the attempted murder sentence and restitution. In exchange for the state seeking a downward durational departure, appellant agreed to provide honest and truthful testimony against any and all of his codefendants if their cases proceeded to trial.

The district court sentenced appellant pursuant to the terms of the parties' plea agreement. For the attempted murder conviction, the district court ordered appellant to pay restitution in the amount of $4,636.62, jointly and severally with the codefendants. For the burglary conviction, the state sought $51,797.49 in restitution, jointly and severally with his codefendant in that case. At the sentencing hearing, defense counsel had not yet received a copy of the restitution study, but stated:

---

[1] The parties also resolved charges in two gross misdemeanor cases.

I can comment on Mr. Underhill's ability to pay 51,000 dollars. I think that's an incredible stretch given his background, the trials that he's had growing up, and his ability to earn a wage in prison. And the potential after being released to be ever able to make that payment. And we'd ask for a substantially reduced restitution order.

The court ordered appellant pay the full restitution amount requested by the state. This appeal follows.

## D E C I S I O N

## I.

Appellant challenges his sentence for the attempted murder conviction and argues that the trial court erred by imposing a sentence of 108 months where his codefendants received lesser sentences. "We afford the [district] court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quotation omitted). The sentence at issue on appeal was imposed as a part of the court's acceptance of the parties' negotiated plea agreement. *See* Minn. R. Crim. P. 15.04, subd. 3(1) (noting that "the trial court judge must reject or accept the plea of guilty on the terms of the plea agreement"). "[A] challenge to a sentence imposed as part of a plea agreement involves more than simply the sentence." *State v. Coles*, 862 N.W.2d 477, 480 (Minn. 2015). Here, appellant challenges only one portion of the negotiated agreement.

Appellant asserts he is "equally culpable" with his codefendants and requests that this court reverse and remand for resentencing "in the interest of fairness and uniformity." *State v. Williams*, 337 N.W.2d 387, 390 (Minn. 1983). Codefendant E.M., who did not

4

enter the home, pleaded guilty to aiding and abetting first-degree burglary and received a sentence of 93 months in prison. Codefendant M.N., a juvenile certified as an adult with a criminal history score of zero, pleaded guilty to aiding and abetting first-degree burglary and received a sentence of 82 months in prison. Codefendant I.B., who brought and fired the gun, was convicted of attempted murder and was sentenced to 183 months in prison. It appears appellant's sentence of 108 months is commensurate with his culpability compared to his codefendants given that he threw the planter through the window and physically encountered the homeowner during the offense but did not bring or fire a gun. Further, two of appellant's codefendants pleaded guilty and were convicted of burglary, not attempted murder. "We note that there is nothing more unequal than to treat unequal things equally." *State v. Starnes*, 396 N.W.2d 676, 681-82 (Minn. App. 1986).

Further, appellant's sentence was a downward durational departure and "equality and fairness in sentencing involve more than comparing the sentence the appealing defendant received with the sentence his accomplices received. It also involves comparing the sentence of the defendant with those of other offenders." *State v. Vazquez*, 330 N.W.2d 110, 112 (Minn. 1983). We conclude that the district court did not abuse its wide discretion in sentencing appellant.

## II.

Appellant argues the district court erred in imposing $51,797.49 in restitution without considering appellant's financial circumstances. "[T]rial courts are given broad discretion in awarding restitution." *State v. Tenerelli*, 598 N.W.2d 668, 671 (Minn. 1999). One of the factors a district court "shall consider" in imposing restitution is "the income,

resources, and obligations of the defendant." Minn. Stat. § 611A.045, subd. 1(a)(2) (2014). There is no direction in the statute as to how the district court shall consider each factor; however, "Minnesota courts have upheld restitution orders even when the appellant may not be able to pay the restitution amount." *State v. Alexander*, 855 N.W.2d 340, 344 (Minn. App. 2014). Although the district court is required to consider a defendant's ability to pay, courts have "wide flexibility to structure restitution orders." *State v. Maidi*, 537 N.W.2d 280, 285-86 (Minn. 1995) (affirming a restitution order that was mathematically impossible for the appellant to pay).

Appellant cites *State v. Miller*, and asserts "the district court cannot completely fail to consider the defendant's ability to pay." 842 N.W.2d 474, 479 (Minn. App. 2014), *review denied* (Apr. 15, 2014). However, here, appellant argued to the district court that he did not have the ability to pay and the presentence investigation addressed the factors relevant to appellant's ability to pay restitution. The record indicates the trial court was made aware of appellant's financial situation before it ordered appellant to pay restitution. *See State v. Jola*, 409 N.W.2d 17, 20 (Minn. App. 1987) (affirming a restitution award where no specific findings were made on the defendant's ability to pay and noting "[t]he purpose of restitution is to compensate the victim"). As such, the district court did not abuse its discretion in awarding restitution.

**Affirmed.**